Mike Arias (State Bar No. 115385)
marias@aogllp.com
Mark A. Ozzello (State Bar No. 116595)
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 670-1600
Facsimile: (310) 670-1231

Melissa M. Harnett (State Bar No. 164309)
mharnett@wcclaw.com
Gregory B. Scarlett (State Bar No. 131486)
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357
Telephone: (818) 705-6800
Facsimile: (818) 345-0162

**BISNAR | CHASE**
**ONE NEWPORT PLACE**
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777
Brian D. Chase (State Bar No. 164109)
bchase@bisnarchase.com

Attorneys for Class Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER GUTIERREZ, on behalf of herself and all others similarly situated; and CONNIE KAUPA, on behalf of herself and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>HONDA NORTH AMERICA, INC., a California corporation; and AMERICAN HONDA MOTOR CO., INC., a California corporation.<br><br>Defendants. | CASE NO. EDCV09-1517 SGL (OPx)<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) **UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES** [CAL. BUS. & PROF. CODE § 17200, et seq.]<br><br>(2) **UNFAIR AND DECEPTIVE BUSINESS PRACTICES** [CAL. CIV. CODE § 1750, et seq.]<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiffs each allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and both Defendants, on the other hand, are citizens of different states.

2. This Court has jurisdiction over Defendants because each Defendant maintains its headquarters and principal place of business in California, is organized under the laws of the State of California, has sufficient minimum contacts with California, or otherwise intentionally avails itself of the markets within California, through promotion, sale, marketing and distribution of its vehicles in California, to render the exercise of jurisdiction by this Court proper and necessary. Moreover, Defendants' wrongful conduct (as described herein) emanates from California.

3. Venue is proper in this District under 28 U.S.C. § 1391, because each Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## NATURE OF ACTION

4. This action arises from Defendants' marketing, distribution, and sale of Honda vehicles equipped with a dangerously defective side curtain airbag system that inadvertently and spontaneously deploys while the vehicle is being driven under normal conditions.

## THE PARTIES

5. PLAINTIFF HEATHER GUTIERREZ is, and at all relevant times herein mentioned was:

    a. a citizen of the State of California;

Page 1

**CLASS ACTION COMPLAINT**

      b.     a consumer who owned a Honda vehicle equipped with a defective, factory installed side curtain airbag system; and

      c.     did not acquire knowledge of the dangerous defect in the side curtain airbag system until February 2009.

6. PLAINTIFF CONNIE KAUPA is, and at all relevant times herein mentioned was:

      a.     a citizen of the State of Minnesota;

      b.     a consumer who owned a Honda vehicle equipped with a defective, factory installed side curtain airbag system; and

      c.     did not acquire knowledge of the dangerous defect in the side curtain airbag system until February 2009.

7. DEFENDANT HONDA NORTH AMERICA, INC. ("HONDA NORTH AMERICA") is a citizen of the State of California that is incorporated under the laws of the State of California and maintains its principal place of business at 700 Van Ness Avenue, Torrance, California 90501. HONDA NORTH AMERICA is a wholly owned subsidiary of Honda Motor Co., Ltd., and is the corporate entity responsible for the coordination of all Honda Motor Co., Ltd. operations in North America.

8. DEFENDANT AMERICAN HONDA MOTOR CO., INC. ("AMERICAN HONDA") is a citizen of the State of California that is incorporated under the laws of the State of California and maintains its principal place of business at 1919 Torrance Boulevard, Torrance, California 90501. AMERICAN HONDA is a wholly owned subsidiary of HONDA NORTH AMERICA, and is the corporate entity responsible for the sales, marketing, service, distribution, import, and export of Honda Motor Co., Ltd. products in the United States. Defendants HONDA NORTH AMERICA and AMERICAN HONDA are collectively referred to herein as "HONDA."

///

## CLASS ACTION ALLEGATIONS

9. The PLAINTIFF CLASS consists of, and is defined as, all natural persons in the United States who currently own or lease a Honda vehicle equipped with a factory installed side curtain airbag system (the "CLASS VEHICLE(S)"), or who previously owned or leased a CLASS VEHICLE that experienced an inadvertent deployment of the side curtain airbag during their ownership or lease and after August 6, 2005. The aforementioned class is referred to herein as the PLAINTIFF CLASS.

10. This action has been brought and may properly be maintained on behalf of the PLAINTIFF CLASS proposed above pursuant to RULES 23(b)(1), (2), and (3) of the FEDERAL RULES OF CIVIL PROCEDURE.

11. DEFENDANTS have sold or leased tens of thousands of CLASS VEHICLES in the United States, including many thousands of sales or leases within California. Accordingly, members of the PLAINTIFF CLASS are so numerous that their individual joinder in this action is impracticable. Class members may be notified of the pendency of this action by mail, supplemented by published notice if deemed necessary or appropriate by the Court.

12. Common questions of law and fact exist as to all members of the PLAINTIFF CLASS and predominate over questions affecting only individuals. These common questions include the following:

    (a) Whether CLASS VEHICLES suffer from a defect in the side curtain airbag system;

    (b) Whether the defect constitutes an unreasonable safety risk;

    (c) Whether DEFENDANTS are aware of the defect;

    (d) When DEFENDANTS first became aware of the defect;

    (e) Whether DEFENDANTS failed to notify owners and lessees of CLASS VEHICLES about the presence of the defect;

    (f) Whether DEFENDANTS had a duty to notify owners and

lessees of CLASS VEHICLES about the presence of the defect;

(g) Whether DEFENDANTS failed to disclose the defect to prospective purchasers or lessees of CLASS VEHICLES;

(h) Whether DEFENDANTS had a duty to disclose the defect to prospective purchasers or lessees of CLASS VEHICLES;

(i) Whether DEFENDANTS made or issued misleading statements about the existence of the defect;

(j) Whether DEFENDANTS had a policy of refusing to reimburse consumers whose CLASS VEHICLES experienced an inadvertent airbag deployment for the costs of repairing their damaged property;

(k) Whether DEFENDANTS have engaged in unlawful, unfair, and/or fraudulent business practices in violation of the California Unfair Competition Law, CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *et seq.*, as alleged in this Complaint;

(l) Whether DEFENDANTS have violated the California Consumer Legal Remedies Act, CALIFORNIA CIVIL CODE § 1750, *et seq.*, as alleged in this Complaint; and

(m) Whether PLAINTIFFS and the PLAINTIFF CLASS are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction.

13. Each PLAINTIFF'S claims are typical of the claims of the PLAINTIFF CLASS, because, among other things, each PLAINTIFF is the owner of a CLASS VEHICLE that contains the same defective side curtain airbag system found in all other CLASS VEHICLE.

///

**CLASS ACTION COMPLAINT**

14. Each PLAINTIFF is an adequate representative of the PLAINTIFF CLASS because her interests do not conflict with the interests of the members of the class she seeks to represent; PLAINTIFFS have retained counsel competent and experienced in complex class action litigation, and each PLAINTIFF intends to prosecute this action vigorously. The interests of members of the class will be fairly and adequately protected by PLAINTIFFS and their counsel.

15. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against DEFENDANTS economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing multiple actions arising from the defect in the CLASS VEHICLES, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

16. Additionally, the PLAINTIFF CLASS may be certified because:

    (a) The litigation of separate actions by the individual members of the PLAINTIFF CLASS creates a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for DEFENDANTS;

    (b) Adjudication with respect to individual members of the PLAINTIFF CLASS which would, as a practical matter, be dispositive of the interests of the other members not parties

to the adjudication or substantially impair or impede their ability to protect their interests; and

(c) DEFENDANTS have acted or refused to act on grounds generally applicable to the PLAINTIFF CLASS, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the PLAINTIFF CLASS as a whole.

## BACKGROUND ALLEGATIONS

17. DEFENDANTS manufacture, market, distribute, and sell Honda vehicles to consumers in the United States.

18. On August 8, 2002, HONDA issued a press release entitled "Honda Unveils Side Curtain Airbag Technology," in which HONDA announced that it was "introducing a new, rapidly deploying side curtain airbag that protects vehicle occupants from head and neck injuries in the event of a side collision." HONDA stated that the side curtain airbag system "uses five impact sensors located in the middle of the vehicle and beside the left and right front seat occupants, along with sensors positioned next to the rear seat occupants. This permits optimum control over the inflation timing of the side curtain airbag and side airbags, depending on the form of side impact involved."

19. The 2003 Accord was the first Honda vehicle model equipped with the new side curtain airbags. As of 2008, side curtain airbags are a standard feature on every Honda vehicle, except the Honda S2000.

20. PLAINTIFFS are informed and believe, and based on that information and belief allege that the design and testing of the side curtain airbag system occurred at HONDA'S research and development sites located within the State of California.

///

CLASS ACTION COMPLAINT

21. In October 2003, HONDA launched its "Safety for Everyone" advertising campaign in the United States. In an October 29, 2003 press release announcing the campaign, the president of HONDA AMERICA stated: "We [Honda] want to provide all our customers with top level safety for all passenger vehicles .... This [Safety for Everyone] initiative puts Honda in a clear leadership position on a number of safety fronts." The very first "safety front" that Honda listed in its press release was the "Honda-developed side-curtain airbag system."

22. The October press release was followed by a national advertising campaign that included advertisements in national and regional newspapers, national magazines, and television commercials in which HONDA touted the safety devices equipped in its vehicles, including the side curtain airbag system.

23. The Safety for Everyone advertising campaign continues to this day, and Honda continues to promote its "Safety Leadership" in the automotive industry to consumers through its website. Honda specifically advertises its "Leadership in Airbag Innovation" on its website, stating "[s]ide curtain airbags are standard on all Honda models [other than the S2000]."

24. PLAINTIFFS are informed and believe, and based on that information and belief allege that HONDA developed its Safety for Everyone sales and marketing initiative at its corporate headquarters located in Torrance, California, and that HONDA hired advertising agencies located within the State of California to create the print, television, and internet advertising for the Safety for Everyone campaign.

25. PLAINTIFF GUTIERREZ is the owner of a 2003 Honda Accord equipped with a factory installed side curtain airbag system. On February 4, 2009, GUTIERREZ was driving her Honda on an interstate highway when the passenger side curtain airbag inadvertently and spontaneously deployed.

Page 7

**CLASS ACTION COMPLAINT**

GUTIERREZ' vehicle had not collided with any object, nor did any object strike the vehicle immediately prior to the inadvertent deployment. The sound and sight of the airbag unexpectedly inflating frightened GUTIERREZ, and caused her to swerve her vehicle to the left and nearly collide into the highway's center barrier.

26. On February 5, 2009, GUTIERREZ took her Honda to Unicars Honda in Indio, California to find out the reason for the airbag's deployment. A HONDA technician reviewed the data on the vehicle's onboard computer, which reported that the vehicle's sensors had registered the airbag deployment, but did not record any collision. HONDA charged GUTIERREZ $102.00 for this evaluation, and denied that the inadvertent airbag deployment was caused by a defect in the airbag system.

27. The inadvertent airbag deployment caused extensive damage to the interior of GUTIERREZ' vehicle, and tore the fabric of the roof and the side of the front passenger seat. The HONDA technician estimated that the cost to repair the damage to the interior of GUTIERREZ' vehicle would be approximately $5,100.00. DEFENDANTS have refused to pay for the cost to repair the damage to GUTIERREZ' Honda.

28. PLAINTIFF KAUPA is the owner of a 2003 Honda Accord equipped with a factory installed side curtain airbag system. On February 25, 2009, KAUPA'S son was driving KAUPA'S Honda on a highway when the passenger side curtain airbag inadvertently and spontaneously deployed. KAUPA'S vehicle had not collided with any object, nor did any object strike the vehicle, immediately prior to the inadvertently deployment.

29. On February 26, 2009, KAUPA called the Motor Inn Honda dealership in Albert Lea, Minnesota to report the inadvertent airbag deployment. The Honda dealership stated that inadvertent airbag deployments do not occur in Honda vehicles, and denied that the deployment was caused by

CLASS ACTION COMPLAINT

a defect in the airbag system.

30. The inadvertent airbag deployment caused extensive damage to the interior of KAUPA'S vehicle, and tore the fabric of the roof and the side of the front passenger seat. On February 27, 2009, KAUPA took her vehicle to Motor Inn Honda to determine the cost to repair the damage, which the Honda dealership estimated would be $3,100.00. DEFENDANTS have refused to pay for the cost to repair the damage to KAUPA'S Honda.

31. DEFENDANTS are, and at all relevant times have been, aware that their side curtain airbag system is defective, yet refuse to take any corrective action to repair the defect or to notify Honda owners that their side curtain airbags may deploy inadvertently.

32. DEFENDANTS have refused to reimburse consumers, including PLAINTIFFS, the cost to repair damage to their vehicles caused by the inadvertent deployment of their defective airbags.

33. DEFENDANTS have misled consumers, including PLAINTIFFS, who have experienced an inadvertent airbag deployment by falsely telling those consumers, including PLAINTIFFS, that there is nothing wrong with DEFENDANTS' side curtain airbag system.

34. DEFENDANTS have also issued misleading statements denying that their side curtain airbag system is defective. On or around July 13, 2009, HONDA issued a statement to Boston television station WCVB in response to the station's "inquiry regarding instances where a side curtain airbag deploys without a reported collision with another vehicle." HONDA stated that it was aware of consumer complaints that side curtain airbags inadvertently deploy in its vehicles, and had even "examined several of these reported incidents." HONDA, however, dismissed these inadvertent deployments as "extremely rare" and did not admit the presence of a defect in the side curtain airbag system.

CLASS ACTION COMPLAINT

35. Despite their knowledge of the dangerous defect in their side curtain airbag system, DEFENDANTS continue to advertise themselves as safety leaders in the automotive industry, and promote their vehicles and their side curtain airbag system as being at the forefront of safety innovation, without disclosing the risk of inadvertent airbag deployment to consumers.

## FIRST CLAIM FOR RELIEF FOR
## UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES
## [CAL. BUS. & PROF. CODE § 17200, *et seq.*]
### (PLAINTIFFS and the PLAINTIFF CLASS against all DEFENDANTS)

36. PLAINTIFFS re-allege and incorporate by reference, each and every allegation contained in paragraphs 1 through 35.

37. PLAINTIFFS bring this claim for relief on behalf of themselves and the members of the PLAINTIFF CLASS.

38. DEFENDANTS' business acts and omissions alleged herein constitute unlawful, unfair, and/or fraudulent trade practices, in violation of the Unfair Competition Law, CALIFORNIA BUSINESS & PROFESSIONS CODE § 17000, *et seq.*

39. DEFENDANTS, as set forth in this Complaint, *supra*, engaged in unlawful, unfair, and fraudulent business practices, consisting of acts and omissions that include, but are not limited to:

  a. Fraudulent concealment of material facts, when DEFENDANTS had an affirmative duty to disclose those facts to consumers, including PLAINTIFFS and the PLAINTIFF CLASS;

  b. Failure to disclose to consumers that the side curtain airbag system contains a dangerous defect and may inadvertently deploy while consumers are driving the CLASS VEHICLES;

  c. Failure to truthfully respond to inquiries by consumers, including PLAINTIFFS, about the defects in the side curtain airbag system;

  d. Violating the Consumer Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq.*; and

  e. Disseminating false and misleading statements regarding the defects in the side curtain airbag system.

40. As a direct and proximate result of these acts and omissions, PLAINTIFFS and the PLAINTIFF CLASS are informed and believe, and based upon that information and belief allege, that the DEFENDANTS were able to unfairly compete with other automobile manufacturers.

41. PLAINTIFFS and the PLAINTIFF CLASS are informed and believe, and based upon that information and belief allege, that DEFENDANTS performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring the PLAINTIFFS, the PLAINTIFF CLASS, other competitors, and the general public.

42. The benefit to DEFENDANTS in obtaining higher profits is outweighed by the immoral, unethical, oppressive, unscrupulous, and substantially injurious practice of marketing and selling vehicles equipped with a defective side curtain airbag system. Had DEFENDANTS honestly disclosed their practices, consumers, including PLAINTIFF and the PLAINTIFF CLASS, would have had the opportunity to freely choose another vehicle.

43. PLAINTIFFS and the PLAINTIFF CLASS suffered monetary injury in fact as a direct result of DEFENDANTS' wrongful conduct. Specifically, PLAINTIFFS and the PLAINTIFF CLASS suffered monetary injury when they paid the price for a non-defective Honda vehicle, while receiving a vehicle worth less money as the result of the dangerous defect in

**CLASS ACTION COMPLAINT**

the side curtain air bag system.

44. As a result of DEFENDANTS' unlawful, unfair, fraudulent, and/or deceptive acts and/or omissions, the unlawful profits there from will not be completely and fully restored to the rightful owners without equitable orders of injunction and restitution, as properly determined pursuant to statute, including CALIFORNIA BUSINESS & PROFESSIONS CODE § 17203, and other applicable law.

45. PLAINTIFFS and the PLAINTIFF CLASS are entitled to equitable relief, including disgorgement of all profits DEFENDANTS earned because of their unlawful, unfair, and fraudulent practices, attorneys' fees and costs, and declaratory relief.

46. Pursuant to CALIFORNIA BUSINESS & PROFESSIONS CODE § 17203, PLAINTIFFS and the PLAINTIFF CLASS seek a judicial order directing DEFENDANTS HONDA NORTH AMERICA and AMERICAN HONDA to notify all identifiable owners and lessees of Honda vehicles equipped with a factory installed side curtain airbag system of the danger of an inadvertent airbag deployment; to make a full and complete disclosure to potential purchasers or lessees of Honda vehicles equipped with a factory installed side curtain airbag system of the danger of an inadvertent airbag deployment; and to recall and repair all Honda vehicles equipped with a factory installed side curtain airbag system.

## SECOND CLAIM FOR RELIEF FOR
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
## [CAL. CIV. CODE § 1750, *et seq.*]
**(PLAINTIFFS and the PLAINTIFF CLASS against all DEFENDANTS)**

47. PLAINTIFFS re-allege and incorporate by reference, each and every allegation contained in paragraphs 1 through 46.

48. PLAINTIFFS bring this claim for relief on behalf of themselves

**CLASS ACTION COMPLAINT**

and the members of the PLAINTIFF CLASS.

49. Each DEFENDANT is a "person" as defined by section 1761(c) of the CALIFORNIA CIVIL CODE, and each PLAINTIFF and member of the PLAINTIFF CLASS is a "consumer," as defined by section 1761(d) of the CALIFORNIA CIVIL CODE.

50. The CLASS VEHICLES are "goods," as defined by section 1761(a) of the CALIFORNIA CIVIL CODE, and the sale or lease of the CLASS VEHICLES to PLAINTIFFS and the members of the PLAINTIFF CLASS constitutes a "transaction," as defined by section 1761(e) of the CALIFORNIA CIVIL CODE.

51. DEFENDANTS, as set forth in this Complaint, *supra*, engaged in practices proscribed under the Consumers Legal Remedies Act by, among other things: (a) representing that the CLASS VEHICLES have characteristics, uses, or benefits that they do not have; (b) representing that the CLASS VEHICLES where of a particular standard or quality, when in fact they were of a lesser standard or quality; (c) advertising the CLASS VEHICLES with intent not to sell them as advertised; and (d) representing that the CLASS VEHICLES were been supplied in accordance with a previous representation whe n they were not.

52. DEFENDANTS further violated the Consumers Legal Remedies Act by failing to disclose to potential purchases or lessees of CLASS VEHICLES that the side curtain airbag system is defective. PLAINTIFFS and the members of the PLAINTIFF CLASS would not have purchased or leased the CLASS VEHICLES if DEFENDANTS had adequately disclosed information about the dangerous defect in the side curtain airbag system.

53. Pursuant to the provisions of section 1780 of the CALIFORNIA CIVIL CODE, PLAINTIFFS and the PLAINTIFF CLASS seek an order enjoining DEFENDANTS from the unlawful practices described herein, a declaration that

**CLASS ACTION COMPLAINT**

DEFENDANTS' conduct violates the Consumers Legal Remedies Act, and attorneys' fees and costs of litigation.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

ON ALL CLAIMS FOR RELIEF

    a.    For Certification of the Plaintiff Class defined herein and appointment of Plaintiffs and their counsel to represent the Plaintiff Class;

    b.    For declaratory relief;

    c.    For an Order enjoining Defendants from continuing the unlawful, unfair, and fraudulent practices described herein;

    d.    For attorneys' fees and costs of suit in an amount yet to be ascertained.

ON THE FIRST CLAIM FOR RELIEF

    a.    For an Order awarding Plaintiffs and the Plaintiff Class restitution, disgorgement of profits, or other equitable relief as the Court deems proper;

    b.    For temporary and permanent injunctive relief, including an Order compelling Defendants to:

        1) to notify all identifiable owners and lessees of Honda vehicles equipped with a factory installed side curtain airbag system of the danger of an inadvertent airbag deployment;

        2) to make a full and complete disclosure to potential purchasers or lessees of Honda vehicles equipped with a factory installed side curtain airbag system of the danger of an inadvertent airbag deployment; and

        3) make any and all necessary repairs to eliminate the defect,

described herein, in all Honda vehicles equipped with a factory installed side curtain airbag system.

DATED: August 7, 2009           ARIAS, OZZELLO & GIGNAC, LLP

                                By: _____
                                    Mike Arias
                                    Mark A. Ozzello

                                    Melissa M. Harnett
                                    Gregory B. Scarlett
                                    **WASSERMAN, COMDEN & CASSELMAN, L.L.P.**

                                    Brian D. Chase
                                    **BISNAR | CHASE**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

DATED: August 7, 2009           ARIAS, OZZELLO & GIGNAC, LLP

                                By: _____
                                    Mike Arias
                                    Mark A. Ozzello

                                    Melissa M. Harnett
                                    Gregory B. Scarlett
                                    **WASSERMAN, COMDEN & CASSELMAN, L.L.P.**

                                    Brian D. Chase
                                    **BISNAR | CHASE**

**CLASS ACTION COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV09- 1517 SGL (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**         | [ ] **Southern Division**            | [X] **Eastern Division**        |
|----------------------------------|--------------------------------------|---------------------------------|
| 312 N. Spring St., Rm. G-8       | 411 West Fourth St., Rm. 1-053       | 3470 Twelfth St., Rm. 134       |
| Los Angeles, CA 90012            | Santa Ana, CA 92701-4516             | Riverside, CA 92501             |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
ARIAS, OZZELLO & GIGNAC, LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER GUTIERREZ, on behalf of herself and all others similarly situated; and CONNIE KAUPA, on behalf of herself and all others similarly situated, <br> PLAINTIFF(S) <br> v. <br> HONDA NORTH AMERICA, INC., a California corporation; and AMERICAN HONDA MOTOR CO., INC., a California Corporation, <br> DEFENDANT(S). | CASE NUMBER <br><br> EDCV09-1517 SGL (OPx) <br><br><br> SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Arias, Ozzello & Gignac, LLP_, whose address is _6701 Center Drive West, Suite 1400, Los Angeles, California 90045_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 10 2009__    By: _____
                                Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

HEATHER GUTIERREZ, on behalf of herself and all others similarly situated
CONNIE KAUPA, on behalf of herself and all others similarly situated

**DEFENDANTS**

HONDA NORTH AMERICA, INC., a California corporation
AMERICAN HONDA MOTOR CO., INC., a California Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ARIAS, OZZELLO & GIGNAC, LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 (310-670-1600)

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY: Case Number: **EDCV09-1517**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

III(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

III(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| HEATHER GUTIERREZ, Riverside County | CONNIE KAUPA, State of Minnesota<br>CLASS MEMBERS, more than 2/3 in States other than California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| HONDA NORTH AMERICA, INC., Los Angeles County<br>AMERICAN HONDA MOTOR CO., INC., Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date August 7, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |