1    ARIAS, OZZELLO & GIGNAC, LLP
2     Mike Arias (SB#115385)
    Mark A. Ozzello (SB#116595)
3    6701 Center Drive West, Suite 1400
   Los Angeles, California 90045
4    Telephone:  (310) 670-1600
   Facsimile:   (310) 670-1231
5    E-mail:  marias@aogllp.com
         mozzello@aogllp.com
6    WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7     Melissa M. Harnett (SB#164309)
    Gregory B. Scarlett (SB#131486)
8    5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
   Tarzana, California 91357
9    Telephone:  (818) 705-6800
   Facsimile:   (818) 345-0162
10   E-mail:  mharnett@wcclaw.com
         gscarlett@wcclaw.com
11

12   BISNAR CHASE
    Brian D. Chase (SB#164109)
13   One Newport Place
   1301 Dove Street, Suite 120
14   Newport Beach, California 92660
   Telephone:  (949) 752-2999
15   Facsimile:   (949) 752-2777
   E-mail:  bchase@bisnarchase.com

16   *Attorneys for Plaintiffs Heather Gutierrez and*
   *Connie Kaupa*
17

18   DYKEMA GOSSETT LLP
    Derek S. Whitefield (SB#165731)
19    J. Kevin Snyder (SB#107509)
   333 South Grand Avenue, Suite 2100
20   Los Angeles, California 90071
   Telephone:  (213) 457-1800
21   Facsimile:   (213) 457-1850
   E-mail:  dwhitefield@dykema.com
22          jksnyder@dykema.com

23   LATHAM & WATKINS LLP
    Mark S. Mester (*pro hac vice*)
24    Livia M. Kiser (*pro hac vice*)
   233 South Wacker Drive, Suite 5800
25   Chicago, Illinois 60606
   Telephone:  (312) 876-7700
26   Facsimile:  (312) 993-9767
   E-mail:  mark.mester@lw.com
27          livia.kiser@lw.com

28   *Attorneys for Defendant American Honda Motor*
   *Co., Inc.*

CH\1150827.2

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER GUTIERREZ, on behalf of herself and all others similarly situated, and CONNIE KAUPA, on behalf of herself and all others similarly situated, | CASE NO:  EDCV 09-01517-JZ (OPx)<br><br>The Hon. Jack Zouhary<br>_____ |
| Plaintiffs, | **STIPULATED<br>PROTECTIVE ORDER** |
| vs. | |
| AMERICAN HONDA MOTOR CO., INC., a California corporation, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), to protect the trade secrets and confidential business and other information of the parties and related third parties, the parties to this action, by and through their respective counsel, hereby stipulate to the following protective order for the protection of confidential information, documents and other things produced or given as part of the disclosure, discovery or litigation process in this action:

IT IS HEREBY ORDERED THAT:

1.      ***Application Of This Protective Order***.  All information, testimony, things or documents filed with the Court or produced or given (either by a party or by a non-party) as part of discovery in this action shall be governed by this Protective Order, including without limitation all transcripts, exhibits, answers to interrogatories, copies thereof, other documents and things, and all information otherwise obtained from a party pursuant to discovery and/or trial in this litigation that any party designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereafter, collectively referred to as "Confidential Material").

2.      ***Confidential Designation***.  A party or non-party (the "Designating Party") may designate as "CONFIDENTIAL" the whole or portion of any

document or thing that the Designating Party reasonably believes in good faith in accordance with Fed. R. Civ. P. 26(c) contains confidential information, including but not limited to research, development, financial, technical, marketing, product planning, personal and/or commercial information not readily available to the public.

3.   ***Confidential – Attorneys' Eyes Only Designation***.  A Designating Party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the whole or that portion of any confidential information that the Designating Party reasonably believes in good faith in accordance with Fed. R. Civ. P. 26(c) contains highly sensitive information that, if disclosed to a competitor, would or may cause competitive harm, including but not limited to any (a) trade secrets, (b) confidential or competitively sensitive research, development, financial or commercial information, or (c) highly sensitive personal information (such as names, credit information, addresses and/or social security numbers).  In addition, for confidential information which American Honda Motor Co., Inc. ("American Honda") in good faith reasonably believes contains especially sensitive information, the disclosure of which to a competitor would likely result in harm to American Honda, it shall further designate such confidential information as "COMPETITIVELY SENSITIVE."  If Plaintiffs' Counsel believe that the designation of a document or documents is overly broad, Plaintiffs may seek relief from this order pursuant to the provisions of Paragraphs 6 and 21.

4.   ***Designating And Marking Confidential Material***. Confidential Matter to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall be designated and marked as follows:

A.   ***Documents***:  Documents may be designated as "CONFIDENTIAL" by placing on each page the following legend (or equivalent thereof) on any such document: "CONFIDENTIAL."  Documents may be

1   designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by placing on

2   each page the following legend (or equivalent thereof) on any such document:

3   "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4          B.    ***Magnetic Or Optical Media Documents:***  The parties agree

5   that for materials on magnetic or optical media (such as floppy diskette, CD or

6   DVD), the medium container and the medium itself shall both be marked or

7   labeled with the appropriate confidentiality notice as described in Paragraph 4(A)

8   above, and the contents thereof shall be treated in accordance with this Order.

9   Notwithstanding the foregoing, documents which are contained on magnetic or

10  optical media will be printed out by the producing party and stamped with the

11  appropriate confidentiality notice and produced to the other party in paper format,

12  unless such production shall result in the aggregate production exceeding the

13  equivalent of ten (10) bankers' boxes of documents, in which case the parties shall

14  meet and confer to determine whether to share the cost of creating an electronic

15  production database whereby confidentiality designations can be automatically

16  applied.

17         C.    ***Physical Exhibits****:* The confidential status of a physical exhibit

18  shall be indicated by placing a label on said physical exhibit with the appropriate

19  confidentiality notice as described in Paragraph 4(A) above.

20         D.    ***Written Discovery****:* In the case of information incorporated in

21  answers to interrogatories or responses to requests for admission, the appropriate

22  confidentiality designation as described in Paragraph 4(A) above shall be placed on

23  each answer or response that contains Confidential Material.

24         E.    ***Deposition Proceedings****:*  Whenever Confidential Material is to

25  be disclosed in a deposition, prior to making such disclosure, the party proposing

26  to do so shall inform the witness on the record that the use of such information is

27  subject to the terms of this Protective Order.  If any person other than the witness is

28  present at the deposition and does not come within the categories of persons

1   defined in Paragraphs 9 or 10 of this Protective Order, that person shall not be

2   permitted to be present while Confidential Material is used during the deposition.

3   Notwithstanding the foregoing, Attorneys shall not be precluded from examining a

4   witness concerning any material designated as "CONFIDENTIAL" or

5   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the record reveals that the

6   deponent or witness authored that material or previously received that material in

7   the normal course of business.

8           F.    ***Designation Of Transcripts:***  The attorney for any party or

9   third party shall designate portions of a deposition transcript as

10  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by

11  making such designation on the record during the deposition.  Unless the parties

12  agree to treat the entire deposition containing confidential information as

13  confidential, those portions designated during the deposition as

14  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

15  be separated and treated as provided in Paragraphs 9 or 10 of this Protective Order

16  (as appropriate) and shall be fully subject to the relevant provisions of this

17  Protective Order.  Transcripts that are not so designated on the record shall

18  nevertheless be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19  until thirty (30) days after receipt of the deposition transcript by counsel for the

20  witness, during which period counsel for the witness may designate all or portions

21  of the deposition transcript (including exhibits) as "CONFIDENTIAL" or

22  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as appropriate).  All portions

23  of any deposition transcript not designated as "CONFIDENTIAL" or

24  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be free from the

25  provisions of this Protective Order.

26       5.    ***Inadvertent Misdesignation***. A Designating Party that inadvertently

27  fails to mark an item as "CONFIDENTIAL" or "CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY" (or marks an item with an incorrect designation of

confidentiality) at the time of production shall not be deemed to have waived in whole or in part any claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter.  Any such misdesignated material shall be correctly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as soon as reasonably practical after the producing party becomes aware of the incorrect designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

6. **_Challenging Designation Of Confidential Materials_**.  Any party may, in good faith, challenge the designation of Confidential Material in writing. Following receipt of such a written challenge, the parties shall have five (5) business days to attempt to negotiate a resolution of the challenge after which time the party objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate.  The Designating Party shall bear the burden of establishing that the challenged designation was appropriate under the terms of this Agreement and that the requirements for the issuance of a protective order under Fed. R. Civ. P. 26(c) have been satisfied.  Notwithstanding the existence of any challenge to any designation made hereunder, the parties shall treat all material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as protected under the terms of this Protective Order until such time as the Court issues an order to the contrary.

**LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

7. **_Use Of Confidential Material_**.  All material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for the purposes of this lawsuit and not for any other litigation, business or other purposes whatsoever.  Unauthorized use of Confidential Material

1   includes, but is not limited to, disclosure of such materials to the public or

2   inclusion of such materials in pre- or post-termination publicity regarding the

3   litigation or disclosure of such materials to any person who is not authorized by

4   Paragraphs 9 or 10 to have access to such materials.

5       8.      ***Use of Confidential Materials During Court Proceedings***.  In the

6   event that any Confidential Material is used in any pre-trial proceeding in this

7   litigation (including but not limited to conferences, oral arguments or hearings), the

8   Confidential Material shall not lose its status as Confidential Material through such

9   use.  No fewer than three (3) days prior to such pre-trial proceeding, the party

10  intending to use such Confidential Material shall notify the Designating Party of its

11  intention to use such material.  For the purposes of hearings on motions,

12  designation or citation in the briefs of Confidential Material shall be considered to

13  be sufficient notice to a party with respect to information and documents

14  referenced therein.  Upon such notification, the parties shall meet and confer and

15  the party seeking to use the Confidential Material shall take all steps reasonably

16  required to protect the confidentiality of the Confidential Material during such use,

17  subject to the approval of the Court.  The terms of this Protective Order do not

18  preclude, limit, restrict or otherwise apply to the use of Confidential Material at

19  trial.  The parties agree to meet and confer in good faith prior to trial to establish

20  procedures for the use of Confidential Material at trial (if any).

21      9.      ***Disclosure Of "Confidential – Attorneys' Eyes Only" Materials***.

22  Confidential Material designated as "CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" shall not be given, shown, made available or communicated in any way to

24  anyone other than:

25          A.      ***Counsel***.  In-house counsel and outside counsel of record for

26  the respective parties to this litigation, including necessary secretarial, clerical and

27  litigation support or copy service personnel assisting such counsel.

28          B.      ***Consultants And Experts***. Consultants or expert witnesses

1   retained specifically for the prosecution or defense of this litigation, provided that

2   each such person has been cleared in accordance with the procedures set forth in

3   Paragraph 11 below.

4          C.    ***Judicial Personnel.***  The Court, Court personnel and Court

5   reporters in connection with this action

6          D.    ***Designated Representatives***.  Designated representatives who

7   are employees or officers of any named party to the litigation, provided that each

8   designated representative executes, before receiving the disclosure, a copy of the

9   Certification attached to this Protective Order as Exhibit A.

10          E.    ***Witnesses***.  Witnesses where at least one of the following

11   conditions applies:

12             i.    The witness is a current employee of the Designating

13   Party;

14             ii.    The attorney taking the deposition and showing the

15   witness the Confidential Material represents the Designating Party;

16             iii.    The witness's name appears on the Confidential Material

17   as a person who has previously seen or had access to the Confidential Material or it

18   is otherwise established that the witness has previously seen or had access to the

19   Confidential Material or knows the information contained within it; or

20             iv.    The Designating Party has consented on the record of the

21   deposition to the showing of the Confidential Material to the witness.

22          Witnesses being shown Confidential Material under subparagraphs

23   (E)(i)-(iv) shall not be allowed to retain copies of the Confidential Material.  A

24   witness who was shown Confidential Material during a deposition, however, may

25   review the Confidential Material while reviewing his or her transcript, provided

26   that any Confidential Material is not retained by the witness after he or she has

27   completed his or her review of the transcript for accuracy.

28          10.    ***Disclosure Of "Confidential" Materials.***  Confidential Material

1    designated as "CONFIDENTIAL" may be revealed to the persons designated in

2    Paragraph 9 above, as well as to designated representatives who are employees or

3    officers of any named party to the litigation, provided that each designated

4    representative executes, before receiving the disclosure, a copy of the Certification

5    attached to this Order as Exhibit A.

6         11.    ***Clearing Of Consultants And Experts To See Designated Materials***.

7    Prior to the disclosure to a consultant or expert witness of documents which have

8    been designated as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS'

9    EYES ONLY," the party wishing to make the disclosure shall cause the

10   Consultant/Expert to execute the Consultant/Expert Certification form attached

11   hereto as Exhibit B and shall undertake reasonable efforts to confirm that the

12   consultant or expert (1) is not engaged in business as or for a competitor of any

13   person or entity currently a party to this action and (2) is not is likely to violate the

14   terms of the Consultant/Expert Certification, causing competitive harm to the

15   Designating Party.

16         As to testifying consultants/experts, the parties agree that with respect

17   to any reports created by experts for use in these proceedings, the parties will not

18   be required to retain or exchange any drafts of expert reports, and will be required

19   only to retain and exchange the final version of such reports, together with all

20   documents on which the expert relied in preparing such reports.

21         12.    ***Submission Of Confidential Material To The Court***.  All documents

22   of any nature (including without limitation exhibits, briefs, affidavits, motions,

23   etc.) that are filed with the Court for any purpose and that contain

24   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25   information shall be filed in sealed envelopes or other sealed containers marked

26   with the title of this proceeding, and identifying each document and thing therein

27   and bearing a statement substantially in the following form:

28         THIS DOCUMENT CONTAINS MATERIALS THAT ARE

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY AND COVERED BY A PROTECTIVE ORDER.

13.      ***Protecting Confidential Material.***  Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material.  No copies of any Confidential Material shall be made except to the extent necessary for litigation.  If the duplicating process by which copies of Confidential Information are made does not reproduce the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" stamp appearing on the original, all copies shall be stamped with the original "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.  All copies of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be kept in secure areas of the offices of Attorneys of record or experts who are consulted concerning this matter. Documents contained on magnetic or optical media which are printed out by the receiving party shall be labeled with the same designation in which they were produced in paper format and as designated on the media itself.  No persons other than those listed in Paragraphs 9 and 10 may make or cause to be made any copies of Confidential Material.

14.      ***Improper Disclosure Of Confidential Material.***  If any Confidential Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including without limitation the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each

1  unauthorized person who received such information.

2       15.   ***Conclusion Of Litigation***.  All provisions of this Protective Order

3  restricting the communication or use of Confidential Material shall continue to be

4  binding after the conclusion of this action, unless otherwise agreed or ordered.

5  Upon conclusion of the litigation, including the running of any time to appeal or to

6  move for relief under Fed. R. Civ. P. 59 or 60 and the conclusion of any appeals or

7  motions for relief under Fed. R. Civ. P. 59 or 60, a party in possession of

8  Confidential Material shall either (a) return all such Confidential Material no later

9  than thirty (30) days after conclusion of this action to counsel for the party or non-

10  party who provided such information, or (b) destroy all such Confidential Material

11  within the time period upon consent of the Designating Party and certify in writing

12  within thirty (30) days that the documents have been destroyed.  Notwithstanding

13  anything to the contrary above, the parties and their Outside Counsel shall be

14  entitled to retain one copy of the pleadings and correspondence in the action for

15  their files, provided that they return or destroy all exhibits to such pleadings or

16  correspondence that have been designated as Confidential Material.

17       16.   ***Attorney-Client Privilege And Work Product Protections***. If

18  information is produced in discovery that is subject to a claim of privilege or of

19  protection as trial-preparation material, the party making the claim may notify any

20  party that received the information of the claim and the basis for it.  After being

21  notified, a party must promptly return, sequester, or destroy the specified

22  information and any copies it has and may not use or disclose the information until

23  the claim is resolved.  A receiving party may promptly present the information to

24  the court under seal for a determination of the claim.  If the receiving party

25  disclosed the information before being notified, it must take reasonable steps to

26  retrieve it.  The producing party must preserve the information until the claim is

27  resolved.  The parties agree not to argue that the disclosure itself constitutes a

28  waiver of any applicable privilege.

LATHAM&WATKINS<sub>LLP</sub>   CH\1150827.2

ATTORNEYS AT LAW
LOS ANGELES

11

## **GENERAL PROVISIONS**

17.     ***Jurisdiction***. Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

18.     ***No Admissions.*** Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential or a trade secret. Further, nothing herein shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection or to affect any party's right to use its own documents and its own Confidential Material in its sole and complete discretion.  In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request.

19.     ***Subpoena.***  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving party must so notify the Designating Party, in writing (by e-mail or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective

Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

20. ***Use Of The Protective Order.*** This Protective Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause, and the Confidential Material obtained under the protection of this Protective Order may only be used for this case. It is expressly ordered that this Protective Order will not in any manner be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Protective Order will not be used in any manner or form (direct or indirect) as evidence in any trial or any hearing or be referred to in any trial or any hearing on the merits of the case, except in a hearing that involves issues related to the enforcement of any provision of this Protective Order. It is further ordered that this provision is absolutely and completely essential to this Protective Order and that this paragraph is not severable from any remaining paragraph or provision of this Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    21.  ***Modification Of Protective Order***.  Any party for good cause may

2  apply to the Court for a modification of this Protective Order.  In the event such an

3  application is made, the parties shall be bound by the terms of this Protective Order

4  unless and until it is modified by the Court.

5  Stipulated and Agreed Upon By:

6

7  Mike Arias
   ARIAS, OZZELLO & GIGNAC, LLP

   Livia M. Kiser
   LATHAM & WATKINS LLP

8

9  By:  /s/ Mike Arias
          Mike Arias

   By: /s/ Livia M. Kiser
        Livia M. Kiser

10

11  One of the Attorneys for Plaintiffs
    Heather Gutierrez and Connie Kaupa

    One of the Attorneys for Defendant
    American Honda Motor Co., Inc.

12  SO ORDERED:

13  DATED: March 29, 2010

14

15      *s/ Jack Zouhary*
        JACK ZOUHARY
        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Exhibit A</u>

**<u>Certification Concerning Material Covered By Stipulated Protective Order</u>**

I, the undersigned, hereby certify that I have read and understand the attached Protective Order entered in *Heather Gutierrez, et al. v. American Honda Motor Co., Inc.* I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I agree to be bound by the terms of the Protective Order and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose other than this case. I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to the counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____

Dated: _____   Signature _____

LATHAM&WATKINS LLP   CH\1150827.2
ATTORNEYS AT LAW
LOS ANGELES

Exhibit B

**<u>CONSULTANT/EXPERT CERTIFICATION</u>**

I, the undersigned, hereby certify I have read the attached Protective Order entered in *Heather Gutierrez, et al. v. American Honda Motor Co., Inc.* I understand that Confidential Material is being provided to me pursuant to the terms of this Protective Order. I understand the terms of this Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose not appropriate or necessary to my participation in this case. I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to the counsel from whom I received such materials.

I certify that I am not engaged in business as or for a competitor of any person or entity currently a party to this action. If, at any time after I execute this Consultant/Expert Certification and during the pendency of the Action, I become engaged in business as or for a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Confidential Material unless and until the Court in the action orders otherwise.

///

///

///

///

1          I declare under penalty of perjury that the foregoing is true and

2   correct.

3

4   Name of Individual: _____

5   Company or Firm: _____

6   Address: _____

7   Telephone No.: _____

8   Relationship to this action and its parties:

9   _____

10  Dated: _____   Signature _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28