IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Heather Gutierrez, et al., | Case No. 5:09 CV 1517 JZ |
| Plaintiffs, | FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION |
| -vs- | SETTLEMENT |
| Honda North America, Inc., et al. | JUDGE JACK ZOUHARY |
| Defendants. | |

Plaintiffs Heather Gutierrez and Connie Kaupa ("Plaintiffs"), on behalf of themselves and a class of all other persons similarly situated, and Defendant American Honda Motor Co., Inc. ("AHM") entered into a Class Action Settlement Agreement and Release (Doc. 129-1) to fully and finally resolve Plaintiffs' claims against AHM. This Court granted a Motion for Preliminary Approval of the Settlement and Class Notice (Doc. 133). Thereafter, Plaintiffs filed their Motion for Attorney Fees, Costs and Incentive Awards and a Motion for Final approval of Class Action Settlement (Docs. 140 & 142). A Final Approval hearing was held on November 19, 2014.

This Court has personal jurisdiction over Plaintiffs and all Settlement Class Members, and has subject matter jurisdiction to approve the Settlement.

This Court further finds that the prerequisites of Federal Civil Rule 23 are satisfied for the Settlement Classes. Specifically, and solely for the purposes of settlement, this Court finds that:

a. The Settlement Classes are sufficiently definite;

b. The Settlement Classes are so numerous that joinder of all members of the Settlement Classes are impracticable;

c. There are questions of law and/or fact common within the Settlement Classes;

d. Plaintiffs' claims are typical of the claims of the members of the Settlement Classes;

e. Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Classes;

f. Plaintiffs' interests do not conflict with the interests of the Settlement Classes in the maintenance of this action;

g. With respect to the Deployment Class, the questions of law and/or fact common to that class predominate over the questions affecting only individual members; and

h. Certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of this controversy.

After careful consideration and in light of the conclusions stated above, the Settlement Classes previously certified preliminary are hereby finally certified solely for settlement purposes. The Settlement Classes are defined as:

**The Injunctive Class:** All Persons in the United States and the District of Columbia who purchased or leased a new or used 2008 Accord Sedan manufactured before June 12, 2008.

Specifically excluded from the Injunctive Class are the following Persons:

(i) Class Counsel;

(ii) AHM; AHM's officers, directors and employees; the officers, directors and employees of AHM's affiliated companies; issuers of extended vehicle warranties; and

(iii) The judges who have presided over this Litigation.

**The Deployment Class:** All Persons in the United States and the District of Columbia who purchased or leased: (1) a 2003 Honda Accord Sedan or Coupe with Side Airbags for which the owner or lessee complained to AHM or an Authorized Honda Dealer about a Reimbursable Deployment of a Side Airbag and identified by VIN in an Exhibit that is to be filed with this Court prior to the Notice Date; (2) a 2004 Accord Sedan with Side Airbags manufactured before April 8, 2004 for which the owner or lessee complained to AHM or an Authorized Honda Dealer about a Reimbursable Deployment of a Side Airbag and identified by VIN in an Exhibit that is to be filed with this Court prior to the Notice Date; (3) a 2004 Accord Coupe with Side Airbags for which the owner or lessee complained to AHM or an Authorized Honda Dealer about a Reimbursable Deployment of a Side Airbag and identified by VIN in an Exhibit that is to be filed with this Court prior to the Notice Date; and (4) a 2008 Accord Sedan manufactured before June 12, 2008 with Side Airbags for which the owner or lessee complained to AHM or an Authorized Honda Dealer about a Reimbursable Deployment of a Side Airbag and identified by VIN in an Exhibit that is to be filed with this Court prior to the Notice Date.

Specifically excluded from the Deployment Class are the following Persons:

(i)     Class Counsel;

(ii)    AHM; AHM's officers, directors and employees; the officers, directors and employees of AHM's affiliated companies; issuers of extended vehicle warranties; and

(iii)   The judges who have presided over this Litigation.

Solely for purposes of Settlement and based upon the conclusions above, this Court appoints the following attorneys as Class Counsel:

Mike Arias, Esq.  
Alfredo Torrijos, Esq.  
Arias, Ozzello & Gignac, LLP  
6701 Center Drive West, 14th Floor  
Los Angeles, California 90045  
Telephone: (310) 670-1600  
Facsimile: (310) 670-1231  
E-mail: marias@aogllp.com  
    atorrijos@aogllp.com

Jordan S. Esensten, Esq.  
Wasserman, Comden, Casselman & Esensten, L.L.P.  
5567 Reseda Boulevard, Suite 330  
P.O. Box 7033  
Tarzana, California 91357  
Telephone: (818) 705-6800  
Facsimile: (818) 996-8266  
E-mail: jesensten@wccelaw.com

>Brian D. Chase, Esq.
>Bisnar Chase
>One Newport Place
>1301 Dove Street, Suite 120
>Newport Beach, California 92660
>Telephone: (949) 752-2999
>Facsimile: (949) 752-2777
>E-mail: bchase@bisnarchase.com

This Court finds that notice as provided for in the Settlement (Section V, Paragraph 5) constituted: (a) reasonable notice; (b) notice that was reasonably calculated under the circumstances to apprise Settlement Class of the pendency of this Litigation, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (c) reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) all applicable requirements of due process and any other applicable law. No further or additional notice is required.

The Class Action Fairness Act, 28 U.S.C. § 1715, ("CAFA") requires that certain federal and state governmental officials be given notice of a proposed class action settlement. CAFA notice was provided to the Attorney Generals of the fifty (50) states. No communications from regulators have been received by the parties or this Court in response to that notice. This Court finds that the AHM's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and provided.

This Court approves the Claim Form that was distributed to members of the Deployment Class, the content of which was without material alteration from Exhibit A to the Settlement Agreement.

This Court approves the Opt Out List, which was filed under seal by AHM on or about September 23, 2014 and finds that the Opt Out List is a complete list of all Persons who have timely

requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt Outs who subsequently elect to submit Claim Forms during the Claim Period.

This Court provided all Settlement Class Members and their representatives that complied with the requirements for objections and appearance at the Final Approval Hearing, as set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed Settlement. There have been no objections to the Settlement.

This Court finds the Settlement was entered into in good faith and further finds the Settlement is fair, reasonable, and adequate, and in the best interests of the Parties and the Settlement Class Members. Plaintiffs have satisfied the standards and applicable requirements for final approval of this Settlement under federal law, including Federal Civil Rule 23.

This Court approves the Settlement and finds the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Settlement Agreement. This Court finds the Settlement was reached as a result of good faith, non-collusive, arms-length negotiations, including mediation. In granting final approval of the Settlement, this Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, this Court finds that the terms of the Settlement Agreement had no deficiencies and did not improperly grant preferential treatment to any individual Settlement Class Member.

The preliminary appointment of Plaintiffs Heather Gutierrez and Connie Kaupa as Class Representatives is confirmed.

This Court finds the compensation requested by Plaintiffs is reasonable, and awards $10,000 to Ms. Kaupa and $5,000 to Ms. Gutierrez for acting as Class Representatives.

This Court finds the attorney fees are fair and reasonable, given the results achieved, the complexities of the case and skill required of counsel, the contingent nature of the fee, the reaction of the Settlement Class, and the fact that the attorney fees are being paid by AHM separate and apart from any relief to the Settlement Class. Specifically, this Court finds that Class Counsel's lodestar figures, including its hours and hourly rates, are reasonable and that the fees were reasonably incurred in the prosecution of this action. In addition, this Court finds that the hourly rates charged by Class Counsel are within the realm of prevailing market rates in the relevant community.

This Settlement Agreement and the Final Order and Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs, Class Counsel and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf. These bound parties shall be deemed to have, and by operation of this Final Approval Order they shall have, fully, finally and forever released AHM and the Released Persons from all Released Claims, as more fully set forth in the Settlement Agreement.

Plaintiffs and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against AHM and the Released Persons.

Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be barred from asserting any Released Claims against AHM or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against AHM and all Released Persons.

This Court bars and permanently enjoins all Settlement Class Members from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Litigation or the Released Claims, and (b) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Litigation or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

The Settlement Agreement and the Settlement are not and should not in any event be offered or received as evidence of, a presumption, concession, acknowledgment or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AHM or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement in such proceedings as may be necessary to effectuate the Settlement Agreement.

This Court authorizes the Parties, without further approval from this Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all Exhibits as (a) shall

be consistent in all material respects with the Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class Members.

Without affecting the finality of the Final Order and Judgment for purposes of appeal, this Court reserves jurisdiction over AHM, the Notice Administrator, Plaintiffs, Class Counsel and each member of the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and Final Order and Judgment and for any other necessary purposes.

This case is dismissed on the merits with prejudice.

IT IS SO ORDERED.

                                                                                     s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 20, 2014